IN THE UNITED STATES DISTRICT COURT
FOR THE Northern DISTRICT OF TEXAS
Wichita Falls DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
MAR 26 2024
CLERK, U.S. DISTRICT COURT
By_____ Deputy

John H. Taylor 2402477
Plaintiff's Name and ID Number

TDCJ-CID James V. Allred Unit
Place of Confinement

CASE NO. 7-24CV-042-O
(Clerk will assign the number)

V.

Brian Collier, Executive Director, TDCJ, 861B IH45 N, Huntsville, TX 77320
Defendant's Name and Address

Kevin Smith, Senior Warden
2101 F.M. 369 N, Iowa Park, Texas 76367
Defendant's Name and Address

Officer Kareem Hayek COIV
2101 FM 369N Iowa Park, TX 76367
Defendant's Name and Address
(DO NOT USE "ET AL.")

Plaintiff Demands A TRIAL BY JURY!
Plaintiff Request A SPEARS HEARIG!
Plaintiff INvokes The Court's Pendent JurisDICTION!

**INSTRUCTIONS - READ CAREFULLY**

**NOTICE:**

**Your complaint is subject to dismissal unless it conforms to these instructions and this form.**

1. To start an action you must file an original and one copy of your complaint with the court. You should keep a copy of the complaint for your own records.

2. Your complaint must be legibly handwritten, in ink, or typewritten. You, the plaintiff, must sign and declare under penalty of perjury that the facts are correct. If you need additional space, **DO NOT USE THE REVERSE SIDE OR BACKSIDE OF ANY PAGE.** ATTACH AN ADDITIONAL BLANK PAGE AND WRITE ON IT.

3. You must file a separate complaint for each claim you have unless the various claims are all related to the same incident or issue or are all against the same defendant, Rule 18, Federal Rules of Civil Procedure. Make a short and plain statement of your claim, Rule 8, Federal Rules of Civil Procedure.

4. When these forms are completed, mail the original and one copy to the clerk of the United States district court for the appropriate district of Texas in the division where one or more named defendants are located, or where the incident giving rise to your claim for relief occurred. If you are confined in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), the list labeled as "VENUE LIST" is posted in your unit law library. It is a list of the Texas prison units indicating the appropriate district court, the division and an address list of the divisional clerks.

**FILING FEE AND *IN FORMA PAUPERIS* (IFP)**

1. In order for your complaint to be filed, it must be accompanied by the statutory filing fee of $350.00 plus an administrative fee of $50.00 for a total fee of **$400.00**.

2. If you do not have the necessary funds to pay the fee in full at this time, you may request permission to proceed *in forma pauperis*. In this event you must complete the application to proceed *in forma pauperis*, setting forth information to establish your inability to prepay the fees and costs or give security therefor. You must also include a current six-month history of your inmate trust account. If you are an inmate in TDCJ-CID, you can acquire the application to proceed *in forma pauperis* and the certificate of inmate trust account, also known as *in forma pauperis* data sheet, from the law library at you prison unit.

3. The Prison Litigation Reform Act of 1995 (PLRA) provides "... if a prisoner brings a civil action or files an appeal *in forma pauperis,* the prisoner shall be required to pay the full amount of a filing fee." *See* 28 U.S.C. § 1915. Thus, the court is required to assess and, when funds exist, collect, the entire filing fee or a initial partial filing fee and monthly installments until the entire amount of the filing fee has been paid by the prisoner. If you submit the application to proceed *in forma pauperis*, the court will apply 28 U.S.C. § 1915 and, if appropriate, assess and collect the entire filing fee or an initial partial filing fee, then monthly installments from you inmate trust account, until the entire $350.00 statutory filing fee has been paid. (The $50.00 administrative fee does not apply to cases proceeding *in forma pauperis.*)

4. If you intend to seek *in forma pauperis* status, do not send your complaint without an application to proceed *in forma pauperis* and the certificate of inmate trust account. Complete all essential paperwork before submitting it to the court.

**CHANGE OF ADDRESS**

It is your responsibility to inform the court of any change of address and its effective date. Such notice should be marked "**NOTICE TO THE COURT OF CHANGE OF ADDRESS**" and shall not include any motion for any other relief. Failure to file a NOTICE OF THE COURT OF CHANGE OF ADDRESS may result in the dismissal of your complaint pursuant to Rule 41(b), Federal Rules of Civil Procedure.

I. PREVIOUS LAWSUITS:
   A. Have you filed *any* other lawsuit in state or federal court relating to your imprisonment? ___ YES ✓ NO
   B. If your answer to "A" is "yes", describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, giving the same information.)
      1. Approximate date of filing lawsuit: __(NOT APPLICABLE) NA__
      2. Parties to previous lawsuit:
         Plaintiff(s) __NA__
         Defendant(s) __NA__
      3. Court: (If federal, name the district; if state, name the county.) __NA__
      4. Cause number: __NA__
      5. Name of judge to whom case was assigned: __NA__
      6. Disposition: (Was the case dismissed, appealed, still pending?) __NA__
      7. Approximate date of disposition: __NA__

Rev. 05/15

II. PLACE OF PRESENT CONFINEMENT: TDCJ-CID James V. Allred Unit

III. EXHAUSTION OF GRIEVANCE PROCEDURES:

Have you exhausted all steps of the institutional grievance procedure?   ___ YES   ✓ NO

Attach a copy of your final step of the grievance procedure with the response supplied by the institution.

IV. PARTIES TO THIS SUIT:

A. Name and address of plaintiff: John H. Taylor, Allred Unit, 2101 F.M. 369 N., Iowa Park, Texas 76367-6865

B. Full name of each defendant, his official position, his place of employment, and his full mailing address.

Defendant #1: Brian Collier, Executive Director, TDCJ, 861 B. IH 45 N., Huntsville, Texas 77320

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
(Failed to discharge special relationship for safety in TDCJ)

Defendant #2: Kevin Smith, Senior Warden, Allred Unit, TDCJ Region V, 2101 F.M. 369 N., Iowa Park, Texas 76367-6865

Briefly describe the acts(s) or omission(s) of this defendant which you claimed harmed you.
Failed to discharge delegated duty to maintain safe prisons.

Defendant #3: _____

Briefly describe the acts(s) or omission(s) of this defendant which you claimed harmed you.

Defendant #4: _____

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

Defendant #5: _____

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

Rev. 05/15

3

V. STATEMENT OF CLAIM:

State here in a short and plain statement the facts of your case, that is, what happened, where did it happen, when did it happen, and who was involved. Describe how each defendant is involved. You need not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach extra pages if necessary, but remember the complaint must be stated briefly and concisely. IF YOU VIOLATE THIS RULE, THE COURT MAY STRIKE YOUR COMPLAINT.

Paragraph No. 1: August 30, 2023, Plaintiff was brutally and violently stabbed and assaulted by offender Christopher Lamont Jones, TDCJ-CID No. 72#B18, while Plaintiff was in D-Pod with zone 1 and zone 2 offenders.

Paragraph Two: Christopher M. Wieday, was employed as the assistant warden, in charge of security in the ECB (Extended Cell Block), and delegated that security supervisor position by Defendant Brian (See Attached Pages For Additional Paragraphs of this Complaint)

VI. RELIEF:

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes. Declaratory Judgements (1) that Plaintiff had a right to safety; (2) Declaratory Judgement that Plaintiff had a right to adequate medical treatment, (3) Declaratory Judgement that Plaintiff has a (See Attached Pages For Additional Relief Requested)

VII. GENERAL BACKGROUND INFORMATION:

A. State, in complete form, all names you have ever used or been known by including any and all aliases.
Not Applicable (NA)

B. List all TDCJ-CID identificaiton numbers you have ever been assigned and all other state or federal prison or FBI numbers ever assigned to you.
(01812029)(02402477)

VIII. SANCTIONS:

A. Have you been sanctioned by any court as a result of any lawsuit you have filed? ____ YES ✓ NO

B. If your answer is "yes," give the following information for every lawsuit in which sanctions were imposed. (If more than one, use another piece of paper and answer the same questions.)

   1. Court that imposed sanctions (if federal, give the district and division): NA
   2. Case number: NA
   3. Approximate date sanctions were imposed: NA
   4. Have the sanctions been lifted or otherwise satisfied? ____ YES ✓ NO

Rev. 05/15

4

C. Has any court ever warned or notified you that sanctions could be imposed?   ___ YES  ✓ NO

D. If your answer is "yes," give the following information for every lawsuit in which a warning was issued. (If more than one, use another piece of paper and answer the same questions.)

   1. Court that issued warning (if federal, give the district and division): _____ NA
   2. Case number: _____ NA
   3. Approximate date warning was issued: _____ NA

Executed on: 3-20-24
              DATE

John H. Taylor, Plaintiff
_____
(Signature of Plaintiff)

**PLAINTIFF'S DECLARATIONS**

1. I declare under penalty of perjury all facts presented in this complaint and attachments thereto are true and correct.
2. I understand, if I am released or transferred, it is my responsibility to keep the court informed of my current mailing address and failure to do so may result in the dismissal of this lawsuit.
3. I understand I must exhaust all available administrative remedies prior to filing this lawsuit.
4. I understand I am prohibited from brining an *in forma pauperis* lawsuit if I have brought three or more civil actions or appeals (from a judgment in a civil action) in a court of the United States while incarcerated or detained in any facility, which lawsuits were dismissed on the ground they were frivolous, malicious, or failed to state a claim upon which relief may be granted, unless I am under imminent danger of serious physical injury.
5. I understand even if I am allowed to proceed without prepayment of costs, I am responsible for the entire filing fee and costs assessed by the court, which shall be deducted in accordance with the law from my inmate trust account by my custodian until the filing fee is paid.

Signed this   20   day of   March  , 20 24 .
             (Day)              (month)      (year)

John H. Taylor, Plaintiff
_____
(Signature of Plaintiff)

**WARNING: Plaintiff is advised any false or deliberately misleading information provided in response to the above questions may result in the imposition of sanctions. The sanctions the court may impose include, but are not limited to, monetary sanctions and the dismissal of this action with prejudice.**

Rev. 05/15

AFFIDAVIT

I, John H. Taylor (#02402477), living on the Allred Unit in E.C.B. High Security (D-pod, 12 cell on one row) was in the dayroom at approximately 8;30 p.m. on August, 30, 2023, with phases 1 an 2. Phases 3 and 4 were racked up becuase the dayroom would only hold 50 inmates. I was seated next to inmate _____ at a table of 4 in front of cell 118 on one row. At the above stated time and date inmate Christopher Lamont Jones (#721318) fell out of place from phase 4, D220 cell by approval of Officer Kareem Hayek and at approximately 9;30 p.m. inmate Jones began sexually harassing me. Then at about 9:35 p.m. when I told Officer Hayek of the sexual harassment he responded by telling me to sit my "gay ass down". The inmate would not stop his harassment so I told Officer Hayek repeatedly, at least six times, but he still did nothing. Officer Hayek was shaking down cell 118 while all this was happening and saw everything. He made bias and derogatory remarks to me that made everyone laugh at me. Because I refused to let inmate Jones have his way with me, at about 9:55 p.m. he attacked me with a home made knife. Jones ended up puncturing my left lung above my breast. During the stuggle I kicked him a briefly gained control of his knife weilding hand to stop him from stabbing me again. We fought for about two minutes while Officer Hayek watched and did nothing. I pulled away from Jones then went to Officer Hayek for help and showed him my stab wound. Again, he told me to sit my "gay ass down". I was in so much pain and was bleeding that I tried to go to medical for care. Officer Hayek stopped me in the sally port and told me if I didnt sit down he would write me a case. Although I was in a lot of pain I went and sat down. I was eventually allowed medical care around 10 p.m. Initially a male nurse came to my aid but refused to care for me because I am a transgender. At about 10:30 p. m. a female nurse finally attended to me. She gave me a #1 bandaid to cover my puncture wound and 10 packs of Ibuprofen for pain. I was placed back in the same pod as inmate Jones and put on lockdown in my cell (D-112T) where I was fed through a bean shoot. I tried to sleep but could not and requested help from gaurds

(page 1)

and nurses as they passed by to no avail. I could not breath and vomitted up blood every time I layed down. My cellmate filed a sick call request again asking for help. The nurse picked up the request at 7 a.m. on September 1st the, 8 hours later, at 4 p.m. I was finally taken to medical. On August 31st Officer Alaina D. Lowe attempted to help by bringing me bandaids at around 9:30 p.m. Other than Officer Lowes bandaids, no other gaurd or nurse helped over the two days I was on lock down. I was found in distress by my cell mate Steven Lee Kemple (#420232) who got me help. If not for inmate Kemple I would be dead. I was then pulled out of my cell and rushed to the nearest hospital United Regional _____ . My left lung was on the brink of colapsing and filled with blood. I could not breath and was spitting up blood due to the hole in my lung. I was taking 800mg of Ibuprofen that inhanced the bleeding and vomitting. On the way to the hospital I was in 4 point restraints while suffering respiratory distress. I also suffered 2 cardiac arrests where my heart stopped twice then I was place in the ICU once at the hospital. Due to physiological stress from being in a 4point restraint for 48 hours, I was placed on a life monitor watch device. Once back at the Unit I was put back on D-pod (112T) on September 3rd at 10:30 a.m. I could not breath because of the smoke and tear gas and requested Sgt. Marty W. Vaden to take me to medical but he told me to sit my ass down. Six hours later I went to medical and then was rushed back to the hospital. Once there I was given a breathing device that helped my lungs and showed how my lungs were functioning. I was then sent back to the UNit where I was placed in Ad. Seg. for 14 days of punishment and not let out of the cell at all for recreation or showers. I was then moved to A-pod (cell 118T). I am a transgender singled out for less favorable treatment. Inmates and gaurds make derogatory comments and gestures about me on A-pod. I feel much safer now that I was moved to 233 cell on B-pod. The state officials declined to prosecute my attacker or the negligence of the prison staff. THE STATE BREACHED ITS DUTY OF CARE! After the stabbing attack I have had serious medical and mental issues requiring medication. I have panic attacks, nightmares almost every night just knowing that he still lives on this Unit (3 Bld.) with not so much as a disciplinary case for his attack. I suffer now from hypertension, experience nausia and vomitting along with pain in my abdomen, chest, and lower back. I have difficulty

(page 2)

I have difficulty breathing and am now at risk of exhibiting Acote mental health distress and other medical conditions that are a ongoing factor. There is surveillance video of the incidents described herein which shows staff failing to comply with and deviating from their own proper procedure. They have breached their duty of care!!!!

*[signature: John Taylor]*

SUBSCRIBED AND SWORN TO BEFORE ME on 20 day of March, 2024.

To: Clerk of Court

   I, John Taylor is sending A SASE with this 42 USC §1983 form. Please make me a copy of these documents and mail them back to me with the Cause Number.

      Thank You!

                            John Taylor
                            02402427
                            Allred Unit
                            2101 FM 369 N
                            Iowa Park,
                            TX 76367
                            3-20-24



Office of Clerk
The U.S. District Court
501 W. Tenth St. Rm310
Fort Worth, TX 76102

IA/bed

TO: John H Taylor #02402427
Allred Unit
2101 FM 369N
Iowa Park, TX 76367

Mailed — 2024

John Tay/0002402427
Allred Unit JA/069
2101 FM 369N
Iowa Park
TX 76367

MAR 2 - 2024

TO: Office of Clerk
IN The U.S. District Court
501 W. Tenth St. RM 310
Fort Worth, TX 76102

Mailed 3-20-2024

PRIVATE LEGAL MAIL
NOT INSPECTED BY TEXAS
DEPARTMENT OF CRIMINAL
JUSTICE CORRECTIONAL
INSTITUTIONS DIVISION